**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**MARVIN SCHRIBER** *et al.*                                                                                    **PETITIONERS**

**v.**                                                                                        **CIVIL ACTION NO. 4:21-CV-5-JHM**

**KENTUCKY DEPARTMENT OF CHILD**
**PROTECTIVE SERVICES** *et al.*                                                              **RESPONDENTS**

**MEMORANDUM OPINION**

This matter is before the Court on a petition for removal of family court proceedings. For the reasons that follow, the Court will dismiss the petition and remand the action to state court.

**I.**

Marvin and Christa Schribers ("Petitioners"/"the Schribers") filed a "Notice of Petition and Verified Petition for Warrant of Removal" ("Removal Petition") (DN 1-1) listing four Henderson County family court cases involving three minor children (H.S., M.S., and L.S.) that they seek to remove to this federal Court – Henderson Circuit Court Case Nos. 15-J-00008-007, 17-J-00047-006, 19-J-00345-003, and 20-CI-496. As Respondents, they name Parven and Bernice Schriber, Jacqui Gregory, and Chad Weaver.[1] They also filed a "Notice of Removal to United States District Court" (DN 5) and a State Court Record pertaining to the family court cases they seek to remove (DN 13).

In the Removal Petition, the Schribers report that on June 5, 2020, an Emergency Custody Order was granted, apparently removing the minor children from their custody; that on June 10, 2020, "the Court ordered that Petitioners shall have supervised visitation with the minor children"; and that on July 29, 2020, there was an "adjudication Hearing" with Judge Farris.

---

[1] It appears from a review of filings in the record that Parven and Bernice Schriber and Jacqui Gregory are relatives of the minor children; Chad Weaver is the biological faither of M.S. *See* DNs 10 and 13.

They further report that on August 26, 2020, "the Court ruled that Petitioners was to have no visitation and that there was to be no telephonic communications between Petitioner and the minor children." They claim that the state court placed one of the children "with de facto biological father,[2] who has had no communication for 13 years" and "has no custody rights."

The Schribers assert various constitutional violations, such as a due process violation by the state court when it suspended their custody without providing them an opportunity to cross-examine the evidence presented against them. They contend that in the state proceedings they "have been continually deprived of the full right to care, custody, control, and management of the minor children . . . ." The Schribers further claim that "[t]here is a sufficient pattern of judicial abuse to substantiate that Hon. Sheila Farris jurisdiction over the instant state action was most likely *void ab initio*, and even if not, that any attempt at continuing exercise over the state proceedings *is* void."

The Schribers assert that this Court "has original, concurrent, and supplementary jurisdiction over this cause of action, pursuant to . . . 28 USC § 1331, 28 USC § 1367, 28 USC 1441(b), 28 USC § 1441(c), 28 USC § 1441(e), 28 USC § 1443(1), 28 USC § 1443(2), and/or 28 USC § 1446." They contend:

> This petition for removal is strictly *not* about a typical domestic relations action versus what would be the expected reluctance of a federal court to exercise jurisdiction over the same; this cause inures to the very *essence* of the enactment and purpose of 28 USC §§ 1441 and 1443: to provide for a federal remedy when a person "is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]"

---

[2] Subsequent filings indicate that in August 2020, in case no. 19-J-00345-003, the state court placed M.S. in Respondent Weaver's temporary custody; that in September 2020, Weaver filed a separate Henderson Circuit Court action, 20-CI-496, in state family court to establish joint custody of M.S. on a permanent basis; and that in that circuit court action in November 2020, Judge Farris granted Weaver temporary custody of M.S. *See* DNs 10 and 13.

They seek removal under § 1443, asserting that "civil rights violations against the Petitioners committed within the instant state court matter are perfectly proper grounds for removal to the United States District Courts."[3]

At the conclusion of their Petition, the Schribers state as follows:

Petitioners reiterate that their request for removal to this Court is *not* just about a supported and reasonable *expectation* of some future manifest deprivations of their various civil, constitutional, and equal rights within the same said state court, but also that such a deliberately unlawful pattern of the same is **well established, threatened yet again, and must be stopped.**

[] Without the immediate intervention, and the exercise of full jurisdiction and authority by this Honorable Court in retaining said lower state proceedings, *at the very least with which to issue such appropriate declaratory and injunctive relief as to due process and equal civil rights,* that the Petitioners will be otherwise subjected to manifestly egregious denial and inability to enforce in said state court one or more rights under the laws providing for the equal rights of citizens of the United States, and will be likewise unlawfully forced to suffer manifestly **irreparable** harm and injuries therein, without any further reasonable remedy at law.

The Schribers filed a motion and amended motion to vacate the Henderson family court's orders of temporary custody and to return the minor children to them (DNs 18 and 19).

---

[3] As "ongoing civil rights violations" against them, Petitioners allege as follows:

Whether acting individually, or in either overt or covert concert, the Respondent-Plaintiff, counsel for the Respondent-Plaintiff, the judge of the state court proceedings, and the previous guardian ad litem of the Respondent-Ward, and along with other incidental individuals, have continually and consistently victimized the Petitioners by committing numerous violations against their equal civil rights, by intentional, knowing, and willful obstructions and deprivations of the same rights, throughout the entire course of the state proceedings since its original inception in April of 2005; Such transgressions against peace, dignity, and the law have included: knowing refusals to recuse and withdraw in the face of obvious conflicts-of-interest; abusing the power of a court of law to inflict false orders against persons and property; conspiring with the Respondent-Plaintiff to assist and commit various direct frauds upon the court; conspiring with the Respondent-Plaintiff to assist and commit forgery within certain pleadings filed in the state proceedings; numerous willful violations of fundamental equal rights, threatening and intimidating the Petitioners during open court *to no longer mention the Federal Constitution or to be subject to immediate "contempt" incarceration therefore,* and an entire plethora of violations so long in listing that it is utterly abominable to even consider the thought.

## II.

Federal courts are under an independent obligation to examine their own jurisdiction. *United States v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Therefore, a civil action may be removed from a state court only when the district court has original jurisdiction over the state-court action.

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

In order to determine whether the case arises under federal law, a court looks only at the plaintiff's well-pleaded complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983); *see also Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Tr.*, 491 F.3d 320, 325

(6th Cir. 2007). "If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 325 (citations omitted). Generally, a state law claim cannot be re-characterized as a federal claim for the purpose of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Here, the Schribers filed state-court records from three of the family court cases they seek to have removed, *see* DN 13, and Respondent Weaver attached records from the civil action he filed against Christa Schriber regarding joint custody of one of the children.

The Schribers cannot remove the state-court actions because this Court lacks subject-matter jurisdiction over those cases. Federal courts do not have jurisdiction to resolve domestic relations matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Catz v. Chalker*, 142 F.3d 279, 290 (6th Cir. 1998); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). "Rather, state courts have exclusive jurisdiction over these matters." *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) (citing *Ankenbrandt*, 504 U.S. at 703-04). "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relation issues." *Id.* (internal citations omitted). In determining whether the domestic relations exception applies, "we must focus on the remedy that the plaintiff seeks: Does the plaintiff seek an issuance or modification or enforcement of a divorce, alimony, or child-custody decree?" *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015) (citation omitted); *see also Alexander v. Rosen*, 804 F.3d 1203, 1206 (6th Cir. 2015) (holding that domestic relations exception did not apply where the federal court was not

required "to apply [state] child custody law, question the state's calculation of child support payments, or otherwise address the merits of the underlying dispute").

The Schribers seek "appropriate declaratory and injunctive relief," and they have filed motions for this Court to vacate the family court's temporary custody orders and return the children to them. While couching the Removal Petition as alleging violations of their constitutional rights, the Schribers are actually challenging child custody determinations made by the state family court. *See Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) ("While Partridge attempts to assert civil rights claims, he essentially raises domestic relations issues by challenging Ohio court child custody and divorce decisions and by seeking relief in the form of shared custody of his children."). To award the Schribers the declaratory and injunctive relief they seek would require this Court to question the state family court's determinations and address the merits of the family court proceedings. These considerations are what the domestic relations exception was designed to prevent. The Court therefore concludes that the domestic relations exception applies to this case, and the Removal Petition must therefore be dismissed.

The Schribers assert that their Removal Petition "is strictly *not* about a typical domestic relations action versus what would be the expected reluctance of a federal court to exercise jurisdiction over the same" and cite to 28 U.S.C. § 1443(1), claiming that "civil rights violations against the Schribers committed within the instant state court matter are perfectly proper grounds for removal to the United States District Courts."

> Under § 1443,
>
> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

>(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
>(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In this case, neither section permits removal.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Id.* "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

The Schribers make broad claims of constitutional violations rather than the requisite violation of racial equality. Such is not sufficient to support removal under the first prong of § 1443(a). *See United States ex rel. Sullivan v. State of Missouri*, 588 F.2d 579, 580 (8th Cir. 1978) ("Section 1443 applies only to denial of specific rights of racial equality and not to the whole gamut of constitutional rights." (citations omitted)). The Schribers, nevertheless, effectively ask the Court to ignore the "'racial' component" of § 1443 and to "not decline jurisdiction under Georgia v. Rachel" (DN 6). This Court, however, is bound by Supreme Court precedent and finds the Schribers' request to be without merit. *See, e.g.*, *Tennessee Dep't of Children's Servs. v. Winesburgh*, 614 F. App'x 277, 280 (6th Cir. 2015) (relying on Supreme

Court precedent in *Georgia v. Rachel* in finding that the "district court correctly concluded that Winesburgh cannot use § 1443(1)" when he did not allege racial discrimination). Moreover, the Schribers' petition also fails to satisfy the second prong because they fail to allege a "formal expression of state law" that prohibits enforcement of their federal rights in state court. For these reasons, removal is not proper under § 1443(1).

Nor do the Schribers' family court actions satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights' has been examined and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Greenwood*, 384 U.S. at 815). As to the second clause of § 1443(2), "[i]t is clear that removal under that language is available only to state officers." *Greenwood*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As the Schribers are neither federal officers or persons assisting a federal officer in the performance of his duties nor state officers, § 1443(2) does not permit removal.

Furthermore, to the extent that the Schribers seek this Court's involvement in any on-going family court proceeding, the doctrine of abstention pursuant to *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)). The Schribers indicate that they seek declaratory and injunctive relief. The Sixth Circuit has enunciated three factors used to

determine whether to abstain from hearing a case pursuant to *Younger*: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill*, 511 F.3d at 643. Here, there appears to be on-going state judicial proceedings, and the Sixth Circuit has recognized that the realm of domestic relations is an important state interest. *Kelm*, 44 F.3d at 420 ("These traditional domestic relations issues qualify as important state issues under the second element of *Younger*."). Further, the Schribers have an adequate opportunity in the state proceeding to raise any constitutional challenges, as nothing bars them from appealing a family court order or judgment to the Kentucky Court of Appeals. Therefore, abstention is proper in this case.

To the extent that any of the state-court cases have concluded, under the *Rooker-Feldman* doctrine, a federal district court may not hear an appeal of a case already litigated in state court. "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)). Therefore, to the extent that the Schribers are challenging the state court's final decision in the any of the family court actions, the *Rooker-Feldman* doctrine bars such a claim.

## III.

For the foregoing reasons, the Court will dismiss the Removal Petition and Notice of Removal and summarily remand the action to the Henderson Circuit Court pursuant to 28 U.S.C. § 1447(c) by separate Order of Remand.[4]

Date: May 10, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Petitioners Marvin and Christa Schriber, *pro se*
      Counsel of record
      Henderson Circuit Court
4414.005

---

[4] Because the Court lacks subject-matter jurisdiction, the Court will deny all pending motions as moot. However, the Court has reviewed all of the Schribers' filings and finds that they support dismissal for lack of subject-matter jurisdiction and remanding the Henderson Circuit Court cases to the state court.